IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-CV-07194 |
| | ) | |
| v. | ) | Honorable John F. Kness |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | Magistrate Judge Sunil R. Harjani |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CHICAGO TRANSIT AUTHORITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Chicago Transit Authority ("CTA"), through its undersigned attorneys, moves this Court to dismiss Plaintiff Steven Garcia's ("Plaintiff") Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its motion, CTA states as follows:

**BACKGROUND**[1]

Plaintiff has been an employee of CTA since January 2003. *See* Compl., Docket Entry ("D.E.") 1 at ¶¶ 5, 13. CTA is a municipal corporation organized and existing pursuant to relevant laws of the State of Illinois. *See* Metropolitan Transit Authority Act, 70 ILCS 3605, *et seq*. Plaintiff asserts that during his employment with CTA, he "was disciplined and subjected to different terms and conditions than Black employees including, but not limited to being removed from the supervisor pool." *Id.* at ¶ 13. Plaintiff further alleges that he "was demoted" and that CTA "failed to promote" him. *Id.* at ¶¶ 12, 13. According to Plaintiff, the alleged discrimination began on or about April 20, 2020. *Id.* at ¶ 6.

---

[1] The facts contained herein are taken from Plaintiff's Complaint and are deemed true solely for the purposes of Defendant's Motion to Dismiss. By use of Plaintiff's allegations, CTA is in no way admitting to the veracity of the allegations.

On November 25, 2020, Plaintiff filed his *pro se* Complaint ("Complaint") against CTA. D.E. 1. Without identifying either, Plaintiff alleges that CTA discriminated against him based on his national origin (Count I) and his race (Count II) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). *Id.* at ¶ 9. Plaintiff's Complaint form also alleges discrimination based on race, color or national origin in violation of 42 U.S.C. § 1983 ("Section 1983") (Count III). *Id.* at ¶ 10.

CTA now moves to dismiss Plaintiff's Complaint in its entirety. Even liberally construing his allegations, Plaintiff fails to adhere to federal pleading standards pursuant to Federal Rule of Civil Procedure 12(b)(6), as he fails to put CTA on proper notice of his claims and fails to plead the essential elements of his claims. Secondly, Plaintiff fails to state a claim for municipal liability. Lastly, CTA moves to strike Plaintiff's request for punitive damages because such damages cannot be recovered against a municipal corporation such as CTA. For these reasons and as explained below, Plaintiff's Complaint should be dismissed.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to assert "enough facts to state a claim to relief that is plausible on its face." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a Rule 12(b)(6) motion, a court must accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Frank Bros., Inc. v. Wis. Dep't of Transp.*, 409 F.3d 880, 885 (7th Cir. 2005). However, the court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002) (internal citation omitted); *see also McCauley v. City of Chicago*, 671 F.3d 611, 616-17 (7th Cir. 2011) ("legal

conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth" and "may be disregarded on a motion to dismiss") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)).

To defeat a motion to dismiss, the plaintiff must overcome two hurdles: first, the plaintiff must state sufficient details in his complaint to provide the defendant "fair notice" of what the claims are and the basis for the claims; second, the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *See E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal citation omitted). If the allegations fall short of this standard, "the plaintiff pleads [him]self out of court." *Id.*

## ARGUMENT

### I. PLAINTIFF'S TITLE VII CLAIMS SHOULD BE DISMISSED

Plaintiff's Title VII claims should be dismissed because he has failed to state a claim of national origin or race discrimination under Title VII. Plaintiff's Complaint does not provide sufficient details to allow CTA to investigate Plaintiff's claims. Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). A complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Concentra*, 496 F.3d at 776 (quoting *Twombly*, 550 U.S. at 555). Facial plausibility exists when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Further, a plaintiff must provide *some* specific facts to support the claims asserted. *See McCauley*, 671 F.3d at 616-17 ("The degree of specificity required is not easily quantified, but the plaintiff must

give enough details about the subject-matter of the case to present a story that holds together.") (Internal citations and quotations omitted).

Even examining his *pro se* allegations liberally, Plaintiff's Title VII discrimination claims fall short of the minimum pleading standards and should be dismissed. Plaintiff's Complaint asserts that he was discriminated against based on his race and national origin. D.E. 1 at ¶ 9. Title VII prohibits "discriminat[ing] against any individual …because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. To adequately state a claim of disparate treatment, a plaintiff must, at minimum, plead that the employer instituted a specific adverse employment action against him on the basis of his protected class. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Accordingly, a plaintiff must at least allege that an adverse action taken by the employer "was motivated by intentional discrimination.'' *Sanders v. Chicago Transit Auth.*, No. 19 C 04656, 2020 WL 5253867, at *6 (N.D. Ill. Sept. 3, 2020) (citing *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017)).

Not only has Plaintiff failed to identify his race and national origin, he has not alleged any nexus as to how either played a part in being allegedly "disciplined," "subjected to different terms and conditions than Black employees," or "demoted." D.E. 1 at ¶¶ 12, 13. Plaintiff's minimal allegations that he was "removed from the supervisor pool" and that CTA "failed to promote him," *id.*, simply reference alleged actions which took place in the workplace and do not even attempt to connect any form of discriminatory intent. Beyond Plaintiff's allegation that he was "subjected to different terms and conditions than Black employees," *id.* at ¶ 12, Plaintiff makes no other reference to race (his or otherwise) or that certain actions were taken on the basis of his race or national origin. *See generally*, D.E. 1. Thus, such conclusory statements should be disregarded as they are inadequate to put CTA on notice of his claims or to survive a motion to

4

dismiss. *See Sanders*, 2020 WL 5253867, at *7 (dismissing race discrimination claim of disparate treatment).

Plaintiff fails to substantiate his threadbare allegations or put forth any other facts to allege that his race or national origin were the reason for his alleged discipline or demotion. *See Hickey*, 287 F.3d at 658. Plaintiff's conclusory claims that he was discriminated against are not sufficient to meet federal pleading standards in order to take Plaintiff's claims from merely speculative to plausible. *Concentra*, 496 F.3d at 776. There are no allegations to sufficiently connect Plaintiff's alleged national origin or race to any allegedly discriminatory action taken against him in any way. Because Plaintiff has failed to sufficiently plead a discrimination claim under Title VII, Plaintiff's Title VII claims in Counts I and II should be dismissed in their entirety.

## II. PLAINTIFF'S SECTION 1981 AND 1983 CLAIMS SHOULD BE DISMISSED

Plaintiff has failed to state a cause of action under either Section 1981 or Section 1983. First, Plaintiff's Section 1981 claims must be dismissed because Section 1981 does not provide a cause of action against state actors, government entities or municipalities. *See Campbell v. Forest Pres. Dist. of Cook Cty., Ill.*, 752 F.3d 665, 671 (7th Cir. 2014) (holding that "§ 1983 remains the exclusive remedy for violations of § 1981 committed by state actors") (applying reasoning in *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)); *see also Arce v. Chicago Transit Auth.*, No. 14 C 102, 2015 WL 3504860, at *7 (N.D. Ill. June 2, 2015), *aff'd*, 738 F. App'x 355 (7th Cir. 2018) (finding that plaintiff "must bring his § 1981 claims through the vehicle provided by § 1983" because CTA was a state actor). Thus, as a municipal agency, "the CTA cannot be subject to a section 1981 suit." *Burton v. Chicago Transit Auth.*, No. 17 C 8508,

5

2019 WL 1932585, at *4 (N.D. Ill. May 1, 2019). Therefore, Plaintiff cannot pursue Section 1981 claims against CTA, and such claims must be dismissed.

Additionally, Plaintiff's Section 1983 claims should be dismissed for failure to allege liability under *Monell*. To state a basis for municipal liability under Section 1983, a plaintiff must allege either (1) an express municipal policy that, when enforced, deprived a plaintiff of a constitutional right; (2) a widespread municipal practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) that a plaintiff's alleged constitutional injury was caused by a person with final policymaking authority. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978); *McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir. 2000). *Monell* specifically forbids municipal liability on a theory of *respondeat superior*. *Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1148 (7th Cir. 1999); *see Gross v. Chicago Transit Auth.*, No. 14 C 6559, 2015 WL 1931303, at *4 (N.D. Ill. Apr. 24, 2015). Municipalities may be held liable only for acts which the municipality has officially sanctioned or ordered. *Fiorenzo v. Nolan*, 965 F.2d 348, 350 (7th Cir. 1992). The plaintiff must further allege that the policy or custom was "the moving force" behind the constitutional violation. *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007).

Accordingly, Plaintiff must plead factual content sufficient to support a reasonable inference that CTA maintained a policy, custom, or practice that caused a constitutional violation. *See Cherry v. Cook Cty. Sheriff's Office*, No. 15 C 11206, 2016 WL 6995562, at *2 (N.D. Ill. Nov. 30, 2016) (citing *McCauley*, 671 F.3d at 616). Plaintiff's vague and conclusory allegations fail to point to any explicit CTA policy of discrimination based on race, color or

6

national origin. Plaintiff has also failed to allege any deprivation of rights under the Constitution or federal law.

To state a widespread practice claim under *Monell*, Plaintiff must allege facts tending to show that the policymakers were aware of the behavior, or that the activity was so persistent and widespread that policymakers should have known about the behavior. *Rikas v. Babusch*, No. 13 C 2069, 2014 WL 960788, at *3 (N.D. Ill. Mar. 12, 2014). Not only has Plaintiff failed to properly allege that CTA had a widespread practice of discrimination, his allegations are exclusively concerning his own treatment and do not mention the treatment of any other individuals. *See generally*, D.E. 1. A "plaintiff's own isolated experiences are insufficient to establish custom." *Zubek v. City of Chicago*, No. 04 C 5399, 2006 WL 1843396, at *5 (N.D. Ill. July 5, 2006); *see also Sanders*, 2020 WL 5253867, at *8-9 (dismissing plaintiff's *Monell* claim where allegations were "much more specific to her experience, rather than suggestive of a widespread custom.").

Finally, Plaintiff has not alleged that any actions were taken by individuals who would be able to make decisions with the force to create final policy sufficient to establish municipal liability. *Mainor v. Chicago Transit Auth.*, 2005 WL 3050604, at *3 (N.D. Ill. November 15, 2005) ("'discretionary decisions of an employee without policymaking authority' are not sufficient to establish liability under § 1983") (quoting *Chortek v. City of Milwaukee*, 356 F.3d 740, 749 (7th Cir. 2004)). His allegations are insufficient under *Monell* given that the "authority for establishing the employment practices of the Chicago Transit Authority" is vested in its Board of Directors. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 510 (7th Cir. 1993).

Plaintiff does not allege the facts necessary to plead a claim under *Monell* or to suggest that CTA was the "moving force" behind his alleged injuries. Plaintiff fails to allege any facts

whatsoever regarding an express policy, a widespread practice, or that a person with final policymaking authority caused his alleged constitutional injuries. *Olinger v. Doe*, 163 F. Supp. 2d 988, 991-92 (N.D. Ill. 2001) (granting CTA's motion to dismiss because the plaintiff failed to include facts supporting his Section 1983 claim against CTA). Because Plaintiff's Complaint does not allege any facts to support any of the three scenarios, he has failed to properly plead a basis for municipal liability and his Section 1983 claims must be dismissed. *See Gross*, 2015 WL 1931303, at *4 (dismissing Section 1983 claims because plaintiff alleged "no facts in support of a municipal policy or custom that was the moving force behind any purported due process violation"); *see Jordan v. Chicago Transit Auth.*, No. 01 C 8203, 2003 WL 1524542, at *3–4 (N.D. Ill. Mar. 21, 2003) (dismissing Section 1983 claim where plaintiff failed to allege that CTA had an official policy or custom that was unconstitutional).

### III. PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES AGAINST CTA

Plaintiff's request for punitive damages should be stricken from his Complaint because such damages cannot be recovered against CTA. Municipal corporations, such as CTA, are immune from punitive damages. *See Planned Parenthood Ass'n/Chicago Area v. Chicago Transit Auth.*, 767 F.2d 1225, 1233-34 (7th Cir. 1985) (noting that "as a general rule, local public entities are immune from punitive damage awards in civil rights actions"); *see also Pickett v. Chicago Transit Auth.*, No. 16 C 4337, 2017 WL 1652591, at *6 (N.D. Ill. May 2, 2017) (striking plaintiff's claim for punitive damages against CTA). Accordingly, Plaintiff's request for punitive damages should be stricken.

**CONCLUSION**

WHEREFORE, for the reasons cited herein, Defendant Chicago Transit Authority requests that the Court grant its motion dismissing Plaintiff's Complaint in its entirety, striking Plaintiff's request for punitive damages, and granting any other relief that the Court deems just and proper.

DATED: January 21, 2021                                 Respectfully submitted,

                                                           **CHICAGO TRANSIT AUTHORITY**

                                                           By: /s/ *Christine Dadourian*
                                                           One of Its Attorneys

Kevin Gallardo
Michael Knight
Christine Dadourian
Chicago Transit Authority
Labor & Employment, Law Department
567 W. Lake Street, Chicago, IL 60661
T: (312) 681-3122; F: (312) 681-2995
cdadourian@transitchicago.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on January 21, 2021, a true and correct copy of the foregoing **DEFENDANT CHICAGO TRANSIT AUTHORITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was filed with the Court by electronic filing protocols, which constitutes service on all registered participants of the CM/ECF system.

/s/ Christine Dadourian
One of Defendant's Attorneys
Chicago Transit Authority
567 W. Lake Street, Chicago, IL 60661
T: (312) 681-3122; F: (312) 681-2995
cdadourian@transitchicago.com